UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JONATHAN GOSCINSKI and
LISA GOSCINSKI,

    Plaintiff,

RUSHMORE LOAN MANAGEMENT
SERVICES LLC,

    Defendant.
_____/

Case No. 17-14143

HON. AVERN COHN

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 3)[1]
## AND DISMISSING CASE

I.

This is a mortgage case. Plaintiffs, through counsel, allege that defects in foreclosure proceedings as described below entitle them to relief. Before the Court is defendant's motion to dismiss. (Doc. 3) For the reasons that follow, the motion is GRANTED. This case is DISMISSED.

II.

In 2007, plaintiffs purchased property located at 1800 Stoddard, Richmond, Michigan. To finance the purchase, plaintiffs obtained a mortgage loan from Chase Bank US, N.A. (Chase) in the amount of $405,000.00. The mortgage was later assigned from Chase to JPMorgan Chase Bank, N.A. (JP Chase), who in turn later assigned it to U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust (U.S. Bank). JP Chase also transferred servicing rights in the mortgage

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

to defendant as of 2017.

Plaintiffs concede they defaulted under the terms of the mortgage and that JP Chase agreed to a loan modification in February 2016. Plaintiffs also admit that they again fell behind on their mortgage. As a result, in September 2016, JP Chase sent notices of foreclosure to plaintiffs and posted and published notices of foreclosure. After several adjournments, a foreclosure sale took place on June 2, 2017. At that time, the mortgage had been assigned to U.S. Bank, who was the foreclosing party. The redemption period expired December 4, 2017. Plaintiffs did not redeem.

Instead, prior to the expiration of the redemption period, on October 4, 2017, Plaintiffs filed a two-count complaint against defendant in state court. Count I claims a violation of Michigan Fair Debt Collections Practices Act (MFDCPA). Plaintiffs allege that defendant violated the MFDCPA by foreclosing without having a license as a collection agency. Count II claims a wrongful foreclosure under M.C.L. § 600.3204 and § 600.3208. Plaintiff alleges defendant violated foreclosure by advertisement because the notices of foreclosure by posting and publication were in the name of Chase. Defendant timely removed the case to federal court.

III.

As an initial matter, plaintiffs have not responded to defendant's motion.[2] The law in this Circuit is not clear on whether a failure to respond to a dispositive motion

---

[2] Defendant's motion was filed on January 1, 2018. Under the local rules, plaintiffs' response was due within 21 days after service, on or about January 23, 2018. See E.D. Mich. LR 7.1(e)(1)(B). Plaintiffs did not timely respond to the motion. To date, no response has been filed.

constitutes a sufficient ground for granting the motion. In <u>Carver v. Bunch</u>, 946 F.2d 451, 453-54 (6th Cir.1991), the court of appeals held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute. The Sixth Circuit has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion. <u>See</u> <u>Scott v. State of Tennessee</u>, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir.1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); <u>Humphrey v. United States Attorney General's Office</u>, 2008 WL 2080512, *3 (6th Cir. 2008). While plaintiffs' failure could be considered a failure to prosecute, the Court declines to grant defendant's motion on these grounds.

Rather, the Court has reviewed defendant's motion and finds it to be well-taken. As fully explained in their brief and supporting exhibits, plaintiffs fail to plead plausible claims for relief against defendant. In short, plaintiffs fail to recognize that defendant did not conduct the foreclosure and even if it did, servicers are exempt from the MFDCPA. Moreover, the foreclosure was in compliance with the statute.

SO ORDERED.

                                                  S/Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE

Dated: 2/13/2018
       Detroit, Michigan